## Murphy v. Murphy

*Milton A. Nemeroff,* for plaintiff.
*Gary A. Hurwitz,* for defendant.

McGOVERN, *J.,* September 5, 1980—Marie Murphy filed a complaint on October 3, 1978 for support against defendant, Frank Murphy, whom she married September 1, 1974 and from whom she separated August 20, 1978. This court on November 24, 1978 entered an order directing Mr. Murphy to pay $100 per week for the support and maintenance of the complainant, Marie Murphy. That order was reaffirmed on April 5, 1979. The Family Court of New Castle County, Delaware, on May 8, 1979 entered a final decree absolutely divorcing Frank Murphy (the Delaware plaintiff) from Marie Murphy (defendant in that Delaware divorce action). Having obtained that foreign divorce decree, Frank Murphy petitioned this court to vacate the support order against him. This court on May 10, 1979 directed that the aforementioned support order be vacated, effective the date of the Delaware final decree of divorce (May 8, 1979), and that existing arrearages be paid. However, the Family Court of New Castle

County, Delaware, upon consideration of Mrs. Murphy's request, entered an order on October 4, 1979 directing that the divorce decree, which it had previously entered, be vacated because that court lacked jurisdiction. The Delaware court specifically found that Mr. Murphy had failed to establish a legal residence in Delaware, and immediately left Delaware after the entry of his divorce decree. This court on November 8, 1979 ordered defendant to pay $100 a week for the support and maintenance of the complainant herein. Following a hearing before a master on January 24, 1980, this court directed reinstatement of the support order which had been vacated by reason of the Delaware divorce. Defendant filed a timely petition for reconsideration requesting that the support order be vacated. This matter was heard on February 21 and February 28, 1980 and an order dated March 28, 1980 reinstated the support order of April 5, 1979. Defendant has appealed from that order to the Superior Court, thereby necessitating this opinion.

Defendant's contention is that by reinstating the support order against him which existed prior to the now set aside Delaware divorce decree, he was deprived of a constitutional right to a due process hearing concerning the issues of liability and amount. Defendant suggests that the Judicial Code, 42 Pa.C.S.A. §6704, requires that the instant matter be instituted by the filing of a new action as though, one presumes, that there was no legal history to the instant litigation. Defendant also maintains that the matter at bar is, in effect, a "modification" and therefore the Judicial Code, 42 Pa.C.S.A. §5505, requires that any such modification be made within 30 days of the order (or here, 30 days following the May 10, 1979 order which vacated the preexisting support order). It must be noted at this point, of course,

that if defendant's argument were accepted, no change of that order could be accomplished pursuant to the code because no one realized that the Delaware court would, on October 4, some four months later, set aside the divorce decree which had been entered in Delaware on May 8, 1979, thereby undermining the Delaware County, Pa. order which was vacated. Defendant's final contention is that since there was a divorce decree in Delaware, that for some five months the parties were, therefore, divorced and that any subsequent support order should not be made retroactive, but rather be dated from the time when the divorce decree was set aside.

While much could be written concerning the various issues involved in this matter, the fundamental issue is whether or not a nonexistent divorce decree can bar the execution of a proper order for support. It is difficult to understand how defendant has been denied of any right whatsoever since the initial order was set by the Pennsylvania Court pursuant to a hearing and that order was not appealed or attacked in any way, nor has any subsequent petition for relief been filed by defendant. Once a court determines that a matter was decided by a court lacking jurisdiction, it is as though the matter had never been decided and, therefore, the order never existed. For one to suggest that the law will require rights to accrue and attach pursuant to an order entered where there was no jurisdiction is both contrary to law as well as to reason and logic. This record is silent, and defendant has not indicated, that there was ever a denial by this court of a requested hearing by defendant. Indeed, defendant's more recent petitions and requests for release were promptly held and full hearings resulted therefrom. Even now, should defendant wish, as a result of changed circumstances, some relief as to the issue of amount or

consideration of liability from a particular time, he has a right to file an appropriate pleading in that regard.

The foregoing would remain unchanged whether plaintiff filed a new petition or, as happened in this case, the matter simply continued pursuant to the same term and number assigned at its origination. No reason has been presented to this court as to why this case should be treated as anything other than a continuation of the same issue originally joined between these parties in 1978. There has been appropriate filing at every point in this procedure where a new or different legal issue is being raised (witness the petition to vacate wage attachment). The very issues considered by this court, after a full hearing and memoranda of law having been submitted, had been previously argued, discussed and considered at a master's hearing.

It is, therefore, not only clear that relabeling the instant action as a "new" legal proceeding will serve no purpose whatsoever, but also that defendant has at every legal point of significance not only received ample notice of the legal issues and claims by petitioner, but also full and complete hearings and has been permitted wide latitude to present arguments and briefs in support of defendant's legal position.

Defendant's contention concerning section 5505 of the Judicial Code is posited upon the erroneous assumption that the instant action is a modification of this court's order reinstating the original support matter in light of the Delaware court's decision that Delaware had no jurisdiction to grant a divorce decree. How can the Delaware County, Pa. court possibly assure justice by terminating a support order for no reason? It is undoubtedly so that

the court and parties here acted in good faith, but since the decree in the State of Delaware is a nullity, there having been no jurisdiction, so also must the Delaware County vacation of the support order become a nullity and with that matter stricken from the record, it is clearly indicated that the initial support order for claimant survives and defendant is obliged in law to obey that order. There is no suggestion that there was any other reason whatsoever for the termination of the Delaware County support order other than the foreign divorce decree. Any other decision would surely deny the claimant of her constitutional right to a due process hearing before the termination of the 1978 support order as amended.

It is finally suggested that, in any event, the support order should not be retroactive. There appears, however, no reason why it ought not be retroactive because there was never any reason to suspend it. If defendant is to be relieved of any payments, plaintiff is entitled to a full hearing concerning that issue and whether or not there is any legal basis for such. The Delaware County Court is bound by the State of Delaware's decision that its court lacked jurisdiction and, therefore, the only issue at bar is the viability of the last order for support of claimant. Defendant would have claimant represent herself to the State of Delaware Court requesting that the alimony ordered at the time of the new abortive divorce proceeding be paid. It is difficult to comprehend how the Delaware Court, which has no jurisdiction, could bring a nonresident (defendant, by the State of Delaware's own decision) before it and compel such nonresident to pay alimony pursuant to a court order which has been set aside for lack of jurisdiction. The parties agree that no pay-

ments were ever made pursuant to the State of Delaware's alimony decree and thus no practical injustice is placed upon defendant in requiring him to obey the existing Delaware County, Pa. support order. Should there be any problem in dual payments or payments made pursuant to a foreign decree, defendant could, in any event, request a hearing and properly have considered such sums as have been paid for support and maintenance of his wife, but not credited to his account, acknowledged in the Delaware County order. There is obviously ample protection for defendant.

The foregoing compelled the undersigned to conclude that this court's order entered March 28, 1980 was appropriate and should stand.